UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
LAURIE GUNTHORPES,

                Plaintiff,

   -against-

THE IM. GROUP, LLC and
SEAN WELCH,

                Defendants.
------------------------------------------------------X

REPORT AND
RECOMMENDATION
21 CV 5140 (ARR)(RML)

LEVY, United States Magistrate Judge:

       By order dated March 18, 2022, the Honorable Allyne R. Ross, United States District Judge, referred plaintiff's motion for default judgment to me for report and recommendation. For the reasons stated below, I respectfully recommend that the motion be denied.

## BACKGROUND AND FACTS

       Plaintiff Laurie Gunthorpes ("Gunthorpes" or "plaintiff") commenced this wage and hour action on September 15, 2021, against defendants The IM. Group, LLC (the "IM. Group" or "corporate defendant") and Sean Welch ("individual defendant," or together with the corporate defendant, "defendants") asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law ("NYLL"). (Complaint, filed Sept. 15, 2021 ("Compl."), Dkt. No. 1.) The individual defendant is alleged to be an owner,

officer, director, and/or managing agent of the IM. Group, a domestic corporation with a principal place of business at 40 Wall Street, New York, New York. (Id. ¶¶ 6-7.)[1]

Defendants have failed to answer or otherwise move with respect to the complaint. Plaintiff moved for entry of default pursuant to Federal Rule of Civil Procedure 55(a) as to both defendants on January 14, 2022. (See Requests for Certificate of Default, filed Jan. 14, 2022, Dkt. Nos. 7, 8.) On January 20, 2022, the Clerk of the Court noted the defaults of the IM. Group and Sean Welch. (See Clerk's Entry of Default, dated Jan. 3, 2021, Dkt. Nos. 9, 10.) On March 17, 2022, plaintiff moved for default judgment. (See Motion for Default Judgment, dated Mar. 17, 2022, Dkt. No. 14.) On March 18, 2022, Judge Ross referred plaintiff's motion for default judgment to me for report and recommendation.

Plaintiff seeks a default judgment on claims under the FLSA and NYLL for defendants' failure to (1) compensate her for seven bi-weekly payroll periods and (2) provide proper wage notices and wage statements. (Compl. ¶¶ 1-2, 17, 36-40, 49-52, 67-69, 72-73; see also Declaration of Lawrence Spasojevich, Esq. in Support of Plaintiff's Motion for Default Judgment, dated Mar. 17, 2022 ("Spasojevich Decl."), Dkt. No. 14-1, ¶¶ 5, 14.) Plaintiff requests an award of minimum wages, liquidated damages, statutory damages, pre-judgment

---

[1] Plaintiff's complaint and declaration list defendants' address as 48 Wall Street. (See Compl. ¶ 6; Declaration of Laurie Gunthorpes in Support of Plaintiff's Motion for Default Judgment and Damages, dated Mar. 16, 2022, Dkt. No. 14-7, ¶¶ 3-4.) However, the court's search indicated that defendants' actual address is 40 Wall Street. See, e.g., IM Group, ZOOMINFO, https://www.zoominfo.com/c/the-im-group/348086637 (last visited Oct. 17, 2022) (listing headquarters address at 40 Wall Street, Floor 28); PPP Loan Data – The Im. Group, LLC, FEDERALPAY.ORG, https://www.federalpay.org/paycheck-protection-program/the-im-group-llc-new-york-ny (last visited Oct. 17, 2022) (listing address as 40 Wall Street, Floor 29). Additionally, a search on the New York Department of State website indicated the Service of Process address for "IM Group LLC" as 27 West 86th Street, New York, New York, 10024. Entity Information, DEPARTMENT OF STATE: DIVISION OF CORPORATIONS, https://apps.dos.ny.gov/publicInquiry/EntityDisplay (last visited Oct. 20, 2022).

interest, post-judgment interest, and attorney's fees and costs. (Plaintiff's Memorandum of Law in Support of the Motion for Default Judgment, dated Mar. 17, 2022 ("Pl.'s Mem."), Dkt. No. 14-2, at 9-18.)

### DISCUSSION

A. Service of the Summons and Complaint

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). Where a defendant has defaulted, the plaintiff must establish adequate service in order to obtain a default judgment. See Sheldon v. Plot Com., No. 15 CV 5885, 2016 WL 5107072, at *6 (E.D.N.Y. Aug. 26, 2016), report and recommendation adopted, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016) ("failure to adequately prove proper service of court documents under Rule 4 bars the entry of a default judgment"); Lliviganay v. Cipriani 110 LLC, No. 19 CV 0737, 2009 WL 1044606, at *1 (S.D.N.Y. Apr. 14, 2009) (lack of proof of proper service "is an independent obstacle to a default judgment"). Plaintiff contends that both defendants were properly served with the summons and complaint. (See Affidavit of Service of Raed Ibrahim, sworn to Nov. 17, 2021 ("Ibrahim Aff."), Dkt. No. 5; Affidavit of Service of Robert Egelston, sworn to Sept. 24, 2021 ("Egelston Aff."), Dkt. No. 6.) However, for the reasons discussed below, I find that service of the summons and complaint was properly executed on the corporate defendant but not on the individual defendant.

1. Corporate Defendant

Federal Rules of Civil Procedure 4(h)(1)(A) and 4(e)(1) state that service may be made on a domestic corporation by following state law in the state where the district court is located. Under New York law, service on a limited liability company ("LLC") can be made by

3

personally delivering a copy of the summons to: (1) a member of the LLC, (2) a manager of the LLC, (3) an agent authorized by appointment to receive process, or (4) any other individual designated by the LLC to receive process.  N.Y. C.P.L.R. § 311-a(a).  Furthermore, "a process server's affidavit is prima facie evidence of proper service."  J & J Sports Prods., Inc. v. Vergara, No. 19 CV 2382, 2020 WL 1034393, at *3 (E.D.N.Y. Feb. 6, 2020), report and recommendation adopted, 2020 WL 1031756 (E.D.N.Y. Mar. 3, 2020) (citing Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002)).  "However, the Court need not assume service was proper, even on a motion for default judgment, if the affidavits are inconsistent or unreliable."  Feng Lin v. Quality Woods, Inc., No. 17 CV 3043, 2019 WL 1450746, at *3 (E.D.N.Y. Jan. 28, 2019) (citing Lopez v. Yossi's Heimishe Bakery Inc., No. 13 CV 5050, 2015 WL 1469619, at *6 (E.D.N.Y. Mar. 30, 2015)).

       Counsel's declaration in support of plaintiff's motion for default judgment and damages states that service of the summons and complaint on the corporate defendant was made by serving the Secretary of State.  (See Spasojevich Decl. ¶ 8.)  However, the affidavit of service indicates that service was made by serving "J.B., Owner of Nevada Management Ltd.," rather than the Secretary of State.  (See Egelston Aff.)  The court's online search revealed that Nevada Management Ltd. is a registered agent of the IM. Group.  See, e.g., About THE IM. GROUP LLC, NEVADACORPORATES.COM, http://en.nevadacorporates.com/448609/ (last visited Oct. 17, 2022) (listing Nevada Management Team Ltd. as the registered agent for the IM. Group); THE IM. GROUP LLC, BIZAPEDIA, https://www.bizapedia.com/nv/the-im-group-llc.html (last visited Oct. 17, 2022) (same).  While service on a registered agent comports with Federal Rule of Civil Procedure 4(h)(1)(B) and Section 311-a, the court notes the discrepancy between counsel's description of service on the corporate defendant and the information contained in the affidavit of

4

service. Despite the error in counsel's submission, I find that the corporate defendant was properly served with the summons and complaint because the process server's affidavit constitutes prima facie evidence of proper service.

    2. Individual Defendant

To serve an individual defendant with process, Federal Rule of Civil Procedure 4(e) provides that service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). Applicable New York law provides that personal service on an individual may be effected using one of four methods: (1) delivering the summons to the defendant; (2) delivering the summons to a person of suitable age and discretion at the defendant's place of business, home, or "usual place of abode" and mailing the summons to the defendant's last known residence or place of business; (3) delivering the summons to the defendant's agent for service of process; and (4) where service by the first three methods cannot be made with "due diligence," affixing the summons to the door of the defendant's actual place of business, home, or "usual place of abode," and mailing the summons to the defendant's last known residence or place of business. N.Y. C.P.L.R. § 308(1)-(4).

As a matter of law, delivery of process to the wrong suite, office, or address does not satisfy the C.P.L.R.'s requirement that service be delivered to a defendant's "actual place of business." Williams v. Miracle Mile Props. 2 LLC, No. 20 CV 3127, 2022 WL 1003854, at *5 (E.D.N.Y. Feb. 1, 2022) (citing Dunham v. Town of Riverhead, No. 19 CV 03289, 2020 WL 5820157, at *3 (E.D.N.Y. Sept. 30, 2020)) (finding that service on defendant was "defective as it was sent to the wrong address"); Woods v. M.B.D. Cmty. Hous. Corp., 933 N.Y.S.2d 669 (1st Dep't 2011) (finding that defendants were not properly served where "the address listed on the

5

affidavit of service was not defendants' actual place of business"). Moreover, it is plaintiff's burden to demonstrate that service was adequate. Id. (citing Burda Media, Inc. v. Viertel, 417 F.3d 292, 298-99 (2d Cir. 2005)).

The affidavit of service related to the individual defendant indicates that service was made at 48 Wall Street, Suite 1114, New York, New York by delivery to "Tim," a co-worker of suitable age and discretion, on November 16, 2021, and that on November 17, 2021, service was completed by mailing a copy of the summons to the same incorrect address. (Ibrahim Aff.) While this method of service would be proper if 48 Wall Street were the correct address for defendant's place of business, the court's search indicated that the address for defendant's actual place of business is 40 Wall Street. Because the individual defendant was not properly served at the correct address, I respectfully recommend that plaintiff's motion for default judgment against the individual defendant be denied on that ground.

B.  Service of the Default Judgment Motion

"[A] motion for default judgment will not be granted unless the party making that motion adheres to certain local and individual rules." Freedom Mortg. Corp. v. Monteleone, No. 19 CV 1410, 2022 WL 4274936, at *5 (E.D.N.Y. Sept. 15, 2022) (quoting Bhagwat v. Queens Carpet Mall, Inc., No. 14 CV 5474, 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015)). "Service of the motion on non-appearing defendants is particularly important because 'mailing notice of such an application is conducive to both fairness and efficiency[.]'" Id. (quoting Committee Note, Loc. Civ. R. 55.2). Local Rule 55.2(c) requires that a motion for default judgment and supporting submissions be "mailed to the party against whom a default judgment is sought at the last known . . . business address of such party[.]" Loc. Civ. R. 55.2(c). Courts in this district have held that a failure to comply with this mandate requires that a motion for default

6

judgment be denied. See, e.g., Freedom Mortg. Corp., 2022 WL 4274936, at *5 (denying the motion for default judgment because the corporate defendant was not served with the motion and supporting documents at the correct address); Miss Jones, LLC v. Viera, No. 18 CV 1398, 2019 WL 926670, at *4 (E.D.N.Y. Feb. 5, 2019), report and recommendation adopted, 2019 WL 955279 (E.D.N.Y. Feb. 26, 2019) (denying motion for default judgment because the individual defendant was not served with the motion and supporting documents at the correct address).

Plaintiff asserts that the Motion for Default Judgment and accompanying submissions were served by e-filing and mailing in a sealed envelope with postage pre-paid. (See Declaration of Service of Lawrence Spasojevich, Esq., dated Mar. 17, 2022, Dkt. No. 14-8.) According to the declaration of service, the corporate defendant was served at 48 Wall Street, Suite 1114, New York, New York. (Id.) As discussed above, 48 Wall Street is neither the corporate defendant's correct address nor its last known business address. Therefore, plaintiff failed to comply with Local Rule 55.2(c), and I respectfully recommend that the motion for default judgment against the corporate defendant be denied on that ground.[2]

C. Liability

Even if service had been properly effectuated, plaintiff has failed to set forth sufficient facts to state a legitimate cause of action. "Regardless of whether defendant files any response at all, entry of a default judgment is inappropriate where the plaintiff's complaint fails to set forth sufficient facts stating a legitimate cause of action." Thomas v. Dunkin Donuts, Inc.,

---

[2] The failure to serve the default judgment motion and accompanying submissions could be remedied by re-serving the corporate defendant at the correct address. Nevertheless, due to additional issues discussed below, I respectfully recommend that plaintiff's motion for default judgment against the corporate defendant be denied. Furthermore, because service of the summons and complaint on the individual defendant was improper and I recommended denying the motion on that ground, the court need not address service of the default judgment and accompanying submissions on the individual defendant.

7

No. 07 CV 2864, 2008 WL 842431, at *3 (E.D.N.Y. Mar. 28, 2008) (citations omitted). An entry of default alone is insufficient to establish liability, "since a party in default does not admit mere conclusions of law." Trs. of the Plumbers Local Union No. 1 Welfare Fund v. Philip Gen. Constr., No. 05 CV 1665, 2007 WL 3124612, at *3 (E.D.N.Y. Oct. 23, 2007) (citation omitted). Where a plaintiff moves for default judgment, the court "is required to accept all of [the plaintiff's] factual allegations as true and draw all reasonable inferences in [the plaintiff's] favor." Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). However, the court must also "determine whether [plaintiff's] allegations establish [defendants'] liability as a matter of law." Id.

"To establish a claim under the FLSA, plaintiff must prove the following: (1) the defendant is an employer subject to the FLSA; (2) the plaintiff is an 'employee' within the meaning of the FLSA; and (3) the employment relationship is not exempted from the FLSA." Acosta v. DRF Hosp. Mgmt. LLC, No. 18 CV 346, 2019 WL 1590931, at *9 (E.D.N.Y. Mar. 13, 2019), report and recommendation adopted, No. 18 CV 346, 2019 WL 1585225 (E.D.N.Y. Apr. 12, 2019) (quoting Saucedo v. On the Spot Audio Corp., No. 16 CV 451, 2016 WL 8376837, at *4 (E.D.N.Y. Dec. 21, 2016), report and recommendation adopted, 2017 WL 780799 (E.D.N.Y. Feb. 28, 2017), vacated sub nom. Saucedo v. On the Spot Audio Corp, 2018 WL 4347791 (E.D.N.Y. Jan. 23, 2018)). Here, plaintiff has failed to allege that her employment relationship with defendants was not exempted from the FLSA or the NYLL.[3]

---

[3] Since the NYLL "applies the same exemptions as the FLSA," the court's analysis under the FLSA is equally applicable to plaintiff's NYLL claim. Zubair v. EnTech Eng'g P.C., 808 F. Supp. 2d 592, 600 (S.D.N.Y. 2011) (quoting Ramos v. Baldor Specialty Foods, Inc., No. 10 CV 6271, 2011 WL 2565330, at *5 n. 3 (S.D.N.Y. June 16, 2011)).

"Congress intended the FLSA to aid the unprotected, unorganized and lowest paid of the nation's working population; that is, those employees who lacked sufficient bargaining power to secure for themselves a minimum subsistence wage." Freeman v. Nat'l Broad. Co., 80 F.3d 78, 86 (2d Cir. 1996) (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 n.18 (1945)). Consistent with this intention, the FLSA's minimum wage and maximum hour requirements do not apply to "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). A court may find an employee exempt from the FLSA requirements as a matter of law if, "in light of undisputed facts in the record, a reasonable fact finder could only find that the employee was an administrator or professional, and that he or she consistently exercised independent discretion and judgment." Alberti v. Cty. of Nassau, 393 F. Supp. 2d 151, 174 (E.D.N.Y. 2005); see also 29 U.S.C. § 213(a)(1); N.Y. LAB. L. § 651(5).

The United States Department of Labor ("DOL") has promulgated regulations ("the regulations") to aid in the analysis of whether an employee is exempt from the FLSA's overtime and minimum wage provisions. See 29 C.F.R. §§ 541.0, et seq. The regulations provide that an employee falls under an exemption to the FLSA when: (1) the employee is "[c]ompensated on a salary or fee basis at a rate of not less than $684 per week"; (2) the employee's "primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers"; and (3) the employee's "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a)(1)-(3); see also Difilippo v. Barclays Cap., Inc., 552 F. Supp. 2d 417, 422-23 (S.D.N.Y. 2008).

9

Here, plaintiff alleges that she was employed by defendants as the Director of Accounting and Finance and that her duties included overseeing the accounting and finance of defendants' business and engaging in contact with entities outside New York via electronic mail, mail, and telephone calls. (Compl. ¶ 14; Declaration of Laurie Gunthorpes in Support of Plaintiff's Motion for Default Judgment and Damages, dated Mar. 16, 2022 ("Gunthorpes Decl."), Dkt. No. 14-7, ¶ 6.) Furthermore, plaintiff alleges that she "was to be paid a set weekly salary of two-thousand eight-hundred eighty-four dollars sixty-two cents ($2,884.62) by the Defendants." (Gunthorpes Decl. ¶ 8; see also Compl. ¶ 14.) Entirely missing from plaintiff's allegations is a statement that her position was nonexempt.

Instead, the facts alleged by plaintiff indicate that she was exempt from the FLSA and the NYLL. First, plaintiff was purportedly compensated $2,884.62 per week – an amount much greater than the $684 threshold set by the regulations. Second, plaintiff's alleged duties involved the performance of office work directly related to the management or general business operations of the employer or the employer's customers in that she oversaw the accounting and finance of defendants' business and engaged in contact with entities outside the state via email, mail, and telephone calls.[4] Lastly, plaintiff's job title – Director of Accounting and Finance – indicates that her primary duties likely included the exercise of discretion and independent

---

[4] The regulations explain that duties "directly related to management policies or general business operations" are duties "directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment." 29 C.F.R. § 541.201(a). Significantly, they include such duties as tax; finance; and accounting. Id. § 541.201(b); see also Klein v. Torrey Point Grp., LLC, 979 F. Supp. 2d 417, 425–26 (S.D.N.Y. 2013). Therefore, as Director of Finance and Accounting at a tax services firm, plaintiff's duties fall squarely under the regulations.

judgment with respect to matters of significance.[5]  Accordingly, plaintiff was exempt from the requirements of the FLSA and the NYLL as a matter of law.  Although I recommended denying the motion for default judgment against both defendants due to issues related to service, I further respectfully recommend that plaintiff's motion for default judgment be denied for failure to establish defendants' liability under the FLSA and the NYLL as a matter of law.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that plaintiff's motion for default judgment be denied.  Plaintiff is directed to serve copies of this Report and Recommendation on defendants by regular mail, and to file proof of service with the court within

---

[5] The requirement that administrative employees exercise "discretion and independent judgment" focuses on "matters of significance" and generally refers to "the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered." 29 C.F.R. § 541.202(a).  Identifying factors include, but are not limited to:

> whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

Id. § 541.202(b).  Employees may exercise sufficient independent judgment "even if their decisions or recommendations are reviewed at a higher level" and "may consist of recommendations for action rather than the actual taking of action." Id. § 541.202(c); see also Klein, 979 F. Supp. 2d at 426.

11

ten days of this Report and Recommendation. Any objections to this Report and Recommendation must be filed electronically, with courtesy copies to Judge Ross and to my chambers, within fourteen days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
       December 5, 2022