UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAURIE GUNTHORPES, | **21-cv-5140 (ARR)(RML)** |
| Plaintiff, | **OPINION & ORDER** |
| v. | NOT FOR ELECTRONIC OR PRINT PUBLICATION |
| THE IM. GROUP, LLC and SEAN WELCH, | |
| Defendants. | |

ROSS, United States District Judge:

On September 15, 2021, Plaintiff Laurie Gunthorpes brought suit against defendants The IM. Group ("IM. Group" or "corporate defendant") and Sean Welch ("individual defendant" or "Welch") (collectively, "defendants"), alleging violations of the minimum wage provisions of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), Compl. ¶¶ 36–38, 48–50, ECF No. 1, and various wage deduction and notice and record-keeping provisions of the NYLL, Compl. ¶¶ 60–61, 67–68, 72–73. Following defendants' failure to answer the complaint and the Clerk of Court's entry of default, the plaintiff moved for default judgment. Mot. for Default J., ECF No. 14. I referred that motion to the Honorable Robert M. Levy, United States Magistrate Judge, for a Report and Recommendation ("R. & R.") on March 18, 2022. Judge Levy issued his R. & R. on December 5, 2022, recommending that the plaintiff's motion for default judgment be denied because the plaintiff did not meet the procedural requirements of service as to either defendant, and further, because the plaintiff failed to establish defendants' liability as a matter of law. Plaintiff has objected to almost all aspects of the R. & R., urging that service was properly executed and that default judgment is warranted. As to the issue of proper service, I find that Judge Levy's R. & R. withstands plaintiff's objections under the applicable standard of review. Because I find no clear error in those portions of

the R. &. R. to which plaintiff lodges no objections, I adopt his recommended disposition as to that issue. Because I believe, however, that plaintiff may be able to establish the defendant's liability under the FLSA, I decline to adopt Judge Levy's recommendation as to that issue and grant the plaintiff the opportunity to re-serve the corporate defendant.

## STANDARD OF REVIEW

I may designate a magistrate judge to consider certain motions pending before me and to submit to me proposed findings of fact and a recommendation as to the disposition of the motion. 28 U.S.C. § 636(b)(1). Within fourteen days of service of the recommendation, any party may file written objections to the magistrate's report. 28 U.S.C. § 636(b)(1)(C). I must conduct a *de novo* review of those portions of the R. & R. to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* [1] As to those portions of the R. & R. to which no objections are addressed, I must review for clear error the factual or legal conclusions of the magistrate judge. *Id.*; Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *accord Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011).

## BACKGROUND

*Procedural Background*

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must

---

[1] Courts in this circuit disagree on what to do about objections that reiterate arguments already made to the magistrate judge. *See Kang v. Perri*, No. 20-CV-746 (MKB) (PK), 2021 WL 4487876, at *5 (E.D.N.Y. Sept. 30, 2021) (collecting cases discussing whether clear error review is appropriate for reiterated arguments). Plaintiff's objections regarding service on the defendants amount to a reassertion that the address used was the correct place of business, an argument that Judge Levy considered and rejected. Out of an abundance of caution, however, I have conducted a *de novo* review of the plaintiff's objections, even if the arguments were previously adjudicated by the magistrate.

2

enter the party's default." Fed. R. Civ. P. 55(a). Second, after default has been entered, and a defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on plaintiff's motion, enter a default judgment against that defendant. Fed. R. Civ. P. 55(b)(2). The Clerk entered a default against the defendants on January 20, 2022. ECF No. 10. Plaintiff filed a motion for default judgment on March 17, 2022. Mot. for Default J., ECF No. 14.

Plaintiff served the summons and complaint on the corporate defendant by personally serving "J.B., Owner . . . [of] Nevada Management Ltd.," Aff. of Serv. in Supp. of Pl.'s Mot. for Default J., ECF No. 14-4, an entity that Judge Levy determined is a registered agent of IM. Group, R. & R. 4. Plaintiff served the summons and complaint on the individual defendant by personally serving "Tim (Co-Worker)" at 48 Wall Street Suite 1114, New York, New York 10005, on November 16, 2021, and mailing the documents to that same address. Aff. of Serv. in Supp. of Pl.'s Mot. for Default J., ECF No. 14-5. Plaintiff served the motion for default judgment on the corporate defendant via e-filing and mailing in a sealed envelope addressed to 48 Wall Street and on the individual defendant via e-filing and mailing in a sealed envelope to his "last known residential address." Decl. of Serv. in Supp. of Pl.'s Mot. for Default J., ECF No. 14-8.

*Factual Background*

After a *de novo* review of the record, I adopt the R. & R.'s statement of the facts. Briefly summarized, those facts are as follows. Defendant Welch is an alleged owner, director, and/or managing agent of IM. Group, which has a place of business in New York. Compl. ¶¶ 6–7. Plaintiff was hired by the defendants to serve as the Director of Accounting and Finance of IM. Group, working approximately 40 hours per week, with agreed upon compensation of $2,884.62 per week. Compl. ¶ 14, 16. Plaintiff alleges that the defendants failed to pay her for seven payroll periods, from May 1, 2021, until her final day of work, August 13, 2021, and failed to maintain accurate time records. Compl. ¶¶ 14–15, 17, 26–27. Plaintiff requests an award of minimum wages, liquidated damages,

3

statutory damages, pre-judgment interest, and attorney's fees and costs. Pl.'s Mem. in Support of Mot. for Default J. 9–18, ECF No. 14-2 ("Pl.'s Mem.").

## DISCUSSION

In his R. & R., Judge Levy made three findings to which the plaintiff objects: (1) the plaintiff served the Motion for Default Judgment on the corporate defendant at an incorrect address and thus failed comply with Local Rule 55.2(c); (2) the plaintiff served both the Complaint and Summons and the Motion for Default Judgment on the individual defendant at an incorrect address and thus failed to comply with N.Y. C.P.L.R. § 308 and Local Rule 55.2(c); and (3) the facts alleged by plaintiff indicate she was exempt from the FLSA and the NYLL, and thus she cannot establish the defendants' liability under either statute as a matter of law. I will consider each of plaintiff's objections in turn.

### I.     Service of the Default Motion on the Corporate Defendant

Judge Levy rightly notes the importance of correct service of a motion for default judgment on non-appearing defendants. R. & R. 6 (citing *Freedom Mortg. Corp. v. Monteleone*, No. 19-CV-1410 (RJD)(SJB), 2022 WL 4274936, at *5 (E.D.N.Y Sept. 15, 2022)). In cases in which the plaintiff does not comply with Local Rule 55.2(c) by mailing the motion and supporting documents to the "last known . . . business address of such party," Loc. R. 55.2(c), I must deny the motion for default judgment. *See, e.g.*, *United States v. Hamilton*, No. 18-CV-2011(ADS)(SIL), 2019 WL 6830318, at *3 (E.D.N.Y. Nov. 26, 2019), *report and recommendation adopted*, No. 18-CV-2011(ADS)(SIL), 2019 WL 6828276 (E.D.N.Y. Dec. 13, 2019). "On a motion for default judgment, a plaintiff bears the burden of proving service was proper." *Montelone*, 2022 WL 4274936, at *4.

I agree with Judge Levy's finding that the plaintiff has failed to carry that burden as regards the service of the default motion on the corporate defendant. The plaintiff repeatedly asserts that 48 Wall Street, Suite 1114, New York, New York, 10005, is the corporate defendant's correct address. Compl. ¶ 6; Decl. of Laurie Gunthorpes in Supp. of Pl.'s Mot. for Default J. ¶¶ 3-4, ECF No. 14-7

4

("Gunthorpes Decl."). The only support she offers for that assertion is her own affidavit, which contradicts all other public filings stating both the corporation's known business address and correct address for service. R. & R. 2 n.1 (noting that numerous public listings for IM. Group identify headquarters located at 40 Wall Street, 28th Floor, New York, New York, 10005 and that the Secretary of State website specifies the service of process address for IM. Group as 27 West 86th Street, New York, New York, 10024; those listings remain consistent as of March 6, 2023);[2] *see also* Certificate of Service, *Wallace v. The IM. Group, LLC et al*, 20-CV-7610 (VSB)(JLC) (S.D.N.Y. May 21, 2021), ECF No. 26 (an unrelated case against the same defendants with service of the motion for default judgment on the corporate defendant mailed to 40 Wall Street, 28th Floor, New York, New York 10005). Plaintiff's objections to the R. & R. merely restate her claim that 48 Wall Street is the correct address, relying solely on the previously offered declaration. Pl.'s Obj. 6-7, 8. Her contention that "websites can be outdated and filings with various government agencies can lapse," Pl.'s Obj. 7, is entirely unsupported in so much as it may pertain to the corporate defendant and does nothing to buttress her claim that service was made on the correct address. I therefore find that plaintiff did not properly serve the motion for default judgment on the corporate defendant and deny default judgment.

## II. Service on the Individual Defendant

### a. Summons and Complaint

"A court may not properly enter a default judgment unless it has jurisdiction over the person . . . against whom the judgment is sought, which also means that he must have been effectively served with process." *RCC Ventures, LLC v. Brandtone Holdings Ltd.*, No. 17-CV-1585 (GHW), 2017 WL 3242331, at *2 (S.D.N.Y. July 28, 2017) (quotations omitted) (collecting cases). We may look to state

---

[2] "The Court can and does take judicial notice of information from the New York Secretary of State's website." *See J & J Sports Prods., Inc. v. La Parranda Mexicana Bar & Restaurante Co.*, No. 17-CV-4171 (AMD)(SJB), 2018 WL 4378166, at *1 n.3 (E.D.N.Y. Apr. 9, 2018) (citation omitted).

5

law for relevant rules of personal service. Fed. R. Civ. P. 4(e)(1). New York law states that personal service on an individual may be effected in one of four ways. N.Y. C.P.L.R. § 308(1)-(4). One of those methods, relevant here, is delivering the summons to a person of suitable age and discretion at the defendant's actual place of business, home, or usual place of abode and mailing the summons to the defendant's last known residence or place of business. N.Y. C.P.L.R. § 308(2). "In New York, a process server's affidavit of service establishes a prima facie case of the account of the method of service, and thus, *in the absence of contrary facts*, we presume that [the defendant] was properly served with the complaint." *Innovative Sports Mgmt., Inc. v. Triangle Eatery & Bar, LLC*, No. 21-CV-6909 (AMD)(RER), 2022 WL 18151927, at *5 (E.D.N.Y. Dec. 14, 2022) (citing *Old Republic Ins. Co. v. Pac. Fin. Servs. Of Am., Inc.*, 301 F.3d 54, 57 (2d. Cir. 2002) (emphasis added). However, if the summons and complaint are served at the wrong address, or at an address that is not the defendant's *actual* place of business, then service is defective. *Dunham v. Town of Riverhead*, No. 19-CV-3289 (DLI)(CLP), 2020 WL 5820157, at *3-4 (E.D.N.Y. Sept. 30, 2019).

The plaintiff maintains that Sean Welch was properly served because 48 Wall Street was the address of the individual defendant's actual place of business. Plaintiff's declaration indicates that she was hired by Sean Welch to work at 48 Wall Street. Gunthorpes Decl. ¶ 3. The office at 48 Wall Street may well have been a location where the individual defendant did business during the period of the plaintiff's employment. And as Judge Levy notes, the method of service, as reflected in the process server's affidavit of service, would be proper *if* 48 Wall Street were the correct address. R. & R. 6. But, as outlined above, contrary facts, including the listing available on the Secretary of State's website, indicate that that the address of the individual defendant's actual place of business is 40 Wall Street. Plaintiff has not carried her burden of demonstrating that service was proper. *See Montelone*, 2022 WL 4274936, at *4. On that basis, I deny default judgment against the individual defendant.

    *b. Motion for Default Judgment*

    The plaintiff maintains that service of the motion for default judgment on the individual defendant was proper. Pl.'s Obj. 7–8. As I find that service of the complaint and summons on the individual defendant was improper, a fatal defect, I need not reach the issue of service of the motion for default judgment.

    **III.    Liability Under the FLSA**

    In his R. & R., Judge Levy found that the plaintiff failed to establish defendants' liability under the FLSA and the NYLL as a matter of law because as a professional employee, her employment relationship is exempted from the protections of the FLSA. R. & R. 10-11. The plaintiff does not dispute Judge Levy's analysis of her job responsibilities as among those contemplated by the exemption but rather objects to his application of the salary test. Pl.'s Obj. 9. Having determined that service was not proper, and denying default judgment on those grounds, I need not reach this issue, and I decline to adopt Judge Levy's recommendation that I deny default judgment on these substantive grounds. Though I reach no final conclusion as to the substance of her claims, plaintiff may be able to establish liability, and so I will grant the plaintiff the opportunity to re-serve the corporate defendant.

## CONCLUSION

    Thus, for the reasons discussed above, I adopt Judge Levy's R. & R. as to the issues of service as the opinion of the court and decline to adopt the R. & R. as to liability under the FLSA and NYLL. Plaintiff failed to effectuate proper service of the complaint and summons on the individual defendant and thus default judgment against that defendant is denied. The clerk is directed to vacate the entry of default against Sean Welch and remove him from the case. Because the plaintiff failed to properly serve the motion for default judgment on the corporate defendant, the plaintiff's motion is denied, with leave to renew upon proper proof of service of the motion.

SO ORDERED.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated:     March 23, 2023
           Brooklyn, New York